UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 09-cr-11-JMH |
| | ) | |
| v. | ) | Civil Case No. |
| | ) | 12-cv-07227-JMH-JGW |
| WALTER EDWARD HARDIN, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\* \* \*

This matter is before the Court upon Defendant Walter Edward Hardin's Motion for relief under 28 U.S.C. § 2255 [DE 71], filed pro se, in which he alleges that his trial counsel was ineffective at the sentencing phase of the proceedings before this Court. The United States has filed a Response, stating its opposition [DE 79] to his Motion. Attorney H. Louis Sirkin has made an appearance on behalf of Hardin [DE 80], and Hardin filed, by and through counsel, a Reply [DE 86] in further support of his request for relief.

On April 4, 2013, Magistrate Judge J. Gregory Wehrman filed a Report and Recommendation [DE 87], opining that the Court should deny the requested relief because Hardin knowingly and voluntarily entered into a valid waiver of any right to collaterally attack his sentence. Hardin, again by and through counsel, filed his objections [DE 88] to the recommended

disposition of the case.  The Court has considered the matter *de novo* and concludes that no relief is in order for the reasons stated in the Magistrate Judge's recommended disposition and as set forth below.

## I.

In his objections to the Report and Recommendation of the Magistrate Judge, Petitioner acknowledges that waivers of the right to appeal and collaterally attack a criminal judgment in a guilty plea are enforceable except where entry of a plea was not knowing or voluntary or where it was the product of ineffective assistance of counsel.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  As the Magistrate Judge noted, Hardin does not complain of ineffective assistance of counsel with respect to his representation at the time that he entered into the plea agreement nor has he made a case that his entry into that plea agreement was anything less than knowing or voluntary.  Rather, Hardin argues that there will be a miscarriage of justice because the valid waiver effectively leaves him with no route to challenge his sentence on the grounds of ineffective assistance of counsel at the sentencing hearing since the Court of Appeals declined to consider that issue on direct appeal.

It is, however, well-established that "[i]neffective-assistance-of-counsel claims are generally raised in post-conviction proceedings under 28 U.S.C. § 2255. . . ." except

where it may be raised on direct appeal if the "existing record is adequate to assess properly the merits of an ineffective-assistance claim." *United States v. Hardin*, 437 Fed. App'x 469, 472 (6th Cir. 2011) (citing *United States v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004); *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998)). Petitioner waived his right to any collateral attack on the sentence imposed in the face of this case law and took a risk that the Court of Appeals for the Sixth Circuit would decline to consider his ineffective assistance of counsel argument on direct appeal – which it did. *See id.* at 473.

Ultimately, having knowingly and voluntarily waived the right to collaterally attack his sentence, there can be no relief for him now on his Motion for relief under 28 U.S.C. § 2255.

## II.

Finally, this Court must determine whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate."

*Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).  The Court is of the opinion that Hardin has not made a substantial showing that he was denied a constitutional right, and no certificate shall issue.

Accordingly, **IT IS ORDERED**:

(1)  That Magistrate Judge Wehrman's Report and Recommendation [DE 87] is **ACCEPTED AND ADOPTED.**

(2)  That the motion for relief under 28 U.S.C. § 2255 [DE 71] is **DENIED** in its entirety.

(3)  That no certificate of appealability shall issue.

This the 17th day of May, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge